**UNITED STATES of America**

v.

**Ruble MURRAY, et al.**

**No. CIV-2-85-208.**

United States District Court,
E.D. Tennessee,
Northeastern Division.

May 23, 1986.

J. Edgar Schmutzer, Asst. U.S. Atty., Greeneville, Tenn., Paul Predmore, Dept. of Justice, Washington, D.C., for plaintiff.

Ronald W. Woods, Greeneville, Tenn., for defendant.

## MEMORANDUM OPINION

HULL, Chief Judge.

This is an action brought under 26 U.S.C. § 6332 by the Government to enforce a levy which was served on defendant, Murray's, Inc., by the IRS to collect delinquent income taxes of a third party, Virginia Cutshaw. This action came on for trial May 7, 1986, and the facts are basically undisputed. (*See,* Stipulated Facts, Court File No. 7).

Defendant Murray's, Inc. had an independent agent contract with the delinquent taxpayer, Virginia Cutshaw, under which she was to receive 5% of the gross sales price for negotiation or procurement of the

sale of products manufactured by Murray's. Mrs. Cutshaw arranged a sale of Murray's products totaling nearly $500,-000.00 with Koolau Ventures. Murray's and Koolau memorialized this arrangement in a contract and began performance. As Murray's manufactured and shipped the product to Koolau, periodic installments on the purchase price were made. Mrs. Cutshaw was to receive her 5% commission upon receipt of each installment by Murray's. The first payment by Koolau was made in December, 1980, and Mrs. Cutshaw received her proportionate share therefrom.

■ On July 14, 1981, a notice of levy was served on Murray's, Inc. by the IRS demanding all sums owed to Mrs. Cutshaw up to $8,356.85, which was the amount of delinquent tax liability owed by Mrs. Cutshaw and her husband for 1978 and 1979. A subsequent levy was also made for the Cutshaw's delinquent tax liability of 1980, but need not be considered separately because the same basic facts and reasoning will apply to the second levy. The basic issue presented is whether Murray's, Inc. had an obligation existing to Mrs. Cutshaw, or possessed any property or rights to property of Mrs. Cutshaw on the date of the levy. 26 U.S.C. § 6331. For the reasons that follow, the Court holds that Murray's, Inc. did possess property, a right to property, or have an obligation to Mrs. Cutshaw within the meaning of the statute on the date of the levy.

At the time of the levy, Mrs. Cutshaw had procured the sale to Koolau for Murray's; the contract between Murray's and Koolau had been executed, and performance had begun. Mrs. Cutshaw was entitled to 5% of the gross sales price received by Murray's on the Koolau contract. One payment had been made by Koolau and Mrs. Cutshaw had received her portion of that payment. However, no specific sum was due and owing to her at the time of the levy. Plaintiff does not contend that this was a continuing levy on salary and wages

as contemplated under 26 U.S.C. § 6331(e).[1] Thus, the levy was only effective in "capturing" those rights or obligations in existence as of July 14, 1981.

The statute provides that the "levy shall extend only to property possessed and obligations existing at the time thereof." 26 U.S.C. § 6331(b). Treasury Regulation § 301.6331–1(a)(1) states that "obligations exist when the liability of the obligator is fixed and determinable although the right to receive payment thereof may be deferred until a later date."

Defendant contends that Murray's obligation to Mrs. Cutshaw was contingent in that her right to payment did not accrue until Murray's actually received payment from Koolau; that since the obligation had a contingency it was not fixed and determinable; and, that therefore it was not an obligation existing at the time of the levy within the meaning of the statute.

There is no doubt Mrs. Cutshaw had a right to payment under her agency contract with Murray's at the time of the levy. Neither is there any doubt that this right did contain a contingency. However, Mrs. Cutshaw had fully performed under her contract with Murray's and simply had to await the receipt by Murray's of the sales price from the Koolau contract. Her right to payment was not executory in any sense. This obligation to Mrs. Cutshaw was fixed and determinable as of the date of levy. It was 5% of the gross sales price received by Murray's on the Koolau contract; and the Koolau contract was for a specific dollar amount.

Mrs. Cutshaw had a property right in her right to payment from the Koolau sale. This right came into the constructive possession of the Government on the date of the levy. Thus, on any subsequent payments made by Koolau, the Government was entitled to Cutshaw's commission. This action was brought because Murray's allowed payment to Cutshaw for commis-

---

**1.** The relationship between Cutshaw and Murray's was not that of employee-employer. Murray's obligation to her was not in the nature of wages.

sions on installments received from Koolau after the levy.

Shortly after the levy was served on Ruble Murray, President and sole shareholder of Murray's, Inc., a $40,000.00 installment was received from Koolau. Murray's called in Mrs. Cutshaw and inquired about the levy whereupon Mrs. Cutshaw phoned the revenue agent in charge of collecting her delinquent taxes and convinced him to allow her to receive half of the commission due, in order to pay her child's college tuition. Pursuant to this agreement, Murray's paid $1,000.00 to the IRS, and $1,000.00 to Mrs. Cutshaw. Murray's received subsequent installments from Koolau but no commission was paid pursuant to an agreement between Murray's and Cutshaw to defer payment of her commissions to a date not to extend beyond the completion of the Koolau contract. Ruble Murray subsequently authorized direct payment by Koolau to Mrs. Cutshaw of approximately $13,000.00.

Under these facts the Court finds that Murray's, Inc. and Ruble Murray failed or refused to surrender property or rights to property subject to the levy. Therefore the defendants are liable in the amount of the value of the property or rights not so surrendered, but not exceeding the amount of taxes for the collection of which such levy was made, together with costs and interest on such sum at the rate of six (6%) percent per annum in accordance with 26 U.S.C. § 6332(c)(1).

The Government sought recovery of $13,381.00 which included the remaining tax liability for 1979 and 1980, interest, and a penalty assessed in February, 1986. The statute limits recovery to "the amount of taxes for the collection of which such levy was made, together with costs and interest...." *Id.* The Court holds that the Government is not entitled to recover subsequently imposed taxpayer penalties under this statute as "tax", since these penalties were not part of the amount for which the levy was originally issued. Thus, the Court finds the Government entitled to the remainder of liability on the Cutshaw's

1979 and 1980 taxes plus costs and interest. Remaining 1979 liability amounts to $2,652.35. Remaining 1980 liability amounts to $5,210.88. Accrued interest amounts to $4,090.57. There was no evidence produced in regard to costs. Accordingly, the Court finds the Government entitled to collect $11,953.77 under § 6332(c)(1). The Government also seeks imposition of a penalty of 50% of this amount under § 6332(c)(2) for defendants' failure to surrender the property without reasonable cause.

The proof showed that the revenue agent in charge was contacting Mr. Murray on a regular basis to make sure no new installments had been received on the Koolau contract entitling Cutshaw to more commissions. Mr. Murray himself testified that he understood the money was to go to the Government and not Mrs. Cutshaw. In fact, he properly disposed of the first commission after the levy was served in accordance with the instructions of the revenue agent. But thereafter he agreed with Cutshaw to defer payment of further commissions without notice to the IRS; he directed Koolau to make direct payments to certain creditors of Murray's without notice to the IRS; and, he agreed to the direct payment by Koolau to Cutshaw in satisfaction of Murray's commission obligation without notice to the IRS. Under these facts the Court finds that Ruble Murray and Murray's, Inc. knew the IRS was entitled to any sums owed Mrs. Cutshaw and that the defendants failed to surrender these sums or the rights to these sums without reasonable cause.

It is of no bearing that defendants' counsel was able to devise an appealing argument that the levy would not encompass Cutshaw's contract right based upon the interpretation of the statute after Murray disregarded the levy. Mr. Murray had no question in his mind as to the meaning of the levy when he authorized the payment to Mrs. Cutshaw. Had he consulted counsel at the time of the levy and been advised by counsel of the possible meanings of the statutory language, it might make a differ-

ence in determining whether reasonable cause existed to disregard the levy, but such was not the case here. The Court finds that the Government is entitled to recover the penalty.

Accordingly, judgment shall enter for the plaintiff against Murray's, Inc. and Ruble Murray in the amount of $11,953.77, plus the 50% penalty of $5,976.88.